UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DESTINY OTOBHIALE,

    Petitioner,

       v.

U.S. DEPARTMENT OF HOMELAND
SECURITY, U.S. IMMIGRATION AND
CUSTOMS ENFORCEMENT, TAE D.
JOHNSON, and BRIAN ENGLISH,

    Respondents.

CAUSE NO. 3:26-CV-644-CCB-SJF

## <u>ORDER</u>

Immigration detainee Destiny Otobhiale, representing himself, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is confined in violation of the laws or Constitution of the United States. Pursuant to Section 2254 Habeas Corpus Rule 4, which the court may apply to petitions under § 2241, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Otobhiale's petition does not provide enough information for the court to order an answer from the respondents. According to the petition, he has been detained by Immigration and Customs Enforcement (ICE) since August 2024, and he challenges his prolonged detention. However, he does not provide the status of his immigration proceedings. Different standards apply to detention while removal proceedings are ongoing, *see* 8 U.S.C. §§ 1225, 1226, than apply to detention after a noncitizen has been

ordered removed, *see* 8 U.S.C. § 1231(a). Without more information about whether (and when) Otobhiale has been ordered removed or whether he is still in the middle of removal proceedings, this case cannot proceed.

The petitioner bears the burden to show that his detention is unlawful. *See* 28 U.S.C. § 2241; *Zadvydas v. Davis*, 533 U.S. 678, 700 (2001); *see also Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011); *Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009). Otobhiale does not explain the basis for his detention. He asks this court to order his release based on factors, such as the harm to his family from his detention and his lack of a history of violent crime or other danger to the community. This court does not have jurisdiction in habeas to make discretionary decisions about whether someone should be released. *See* 8 U.S.C. § 1226(e); *Parra v. Perryman*, 172 F.3d 954, 957 (7th Cir. 1999). The court's role is limited to ensuring the relevant statutory and constitutional provisions are followed. *See Demore v. Kim,* 538 U.S. 510, 516-17 (2003); *Zadvydas*, 533 U.S. at 687-88; *Parra,* 172 F.3d at 957; *see also Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018) (plurality opinion).

Because Otobhiale is proceeding without counsel, the court must give his petition liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Therefore, he will be given the opportunity to file an amended petition before the court denies the petition.

For these reasons, the court **GRANTS** Destiny Otobhiale until **July 29, 2026**, to file an amended petition addressing the issues raised in this order, and **CAUTIONS**

2

him if he does not respond by the deadline, the petition will be denied without further

notice.

SO ORDERED on June 29, 2026.

/s/*Cristal C. Brisco*

CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT